## Lanciano v. Zoning Board of Adjustment

*Raymond Kitty*, for appellant.
*Martin Weinberg*, for respondent.
SPAETH, J., April 25, 1968.—

### NATURE OF THE CASE

The case arises upon a rule to show cause why an appeal from a decision of the zoning board of adjustment should not be stricken.

### HISTORY OF THE CASE

On October 21, 1964, John F. Lloyd filed an application with the Department of Licenses and Inspections for permission to conduct an automobile body and fender shop at 1710 North Street. On November 10th, the application was refused because the premises were in an "R-10" residential district. Lloyd appealed to the zoning board of adjustment, requesting a variance, which heard the appeal on January 26, 1965. On February 1st, the board refused to grant a variance. On March 1st, Lloyd requested a rehearing, and on March 4th he appealed the board's refusal to Court of Common Pleas No. 1. On March 8th, the board refused to grant a rehearing. On June 29th, the board filed its findings of fact and conclusions of law.

On November 21, 1966, Lloyd, by his attorney, stipulated that his appeal might be marked "withdrawn";

the stipulation was approved by Griffiths, J., on November 23rd.

It appears that Lloyd had a month-to-month lease of the premises, "which is to become a yearly lease, if we get Zoning approval [for a body and fender shop]". Who owned the premises does not appear, except that when Lloyd appealed to the zoning board of adjustment for a variance, he identified Anthony S. Lanciano as "agent". Lanciano is the appellant in the present proceeding.

On August 14, 1967, one Andrew G. Gay applied to the department of licenses and inspections for permission to conduct a body and fender shop on the premises. On his application he listed "Anthony Lanciano, et al." as owners of the premises. On a date of which the court is not certain, since the file copy is difficult to read, the application was refused, with the notation that a body and fender shop existed on the premises in violation of the zoning code, and despite the refusal by the board on February 1, 1965, to grant a variance for such a shop.

Sometime before October 30, 1967, Lanciano's attorney attempted to file an appeal to the zoning board of adjustment from the refusal by the department of licenses and inspections to permit a body and fender shop on the premises. The administrative officer of the board refused to accept the appeal on the ground that the use of the premises was in violation of the zoning code. On October 30th, Lanciano's attorney wrote the board, asking the board "to allow us to file an appeal from the refusal of the permit". As reasons for his request he stated:

"I would like to point out to the Board that auto repair is legal in this property and that the permit application is for body and fender work. The owner is attempting to come into conformity but several body and fender jobs are in process and as soon as all the

work is completed, the owner will be in conformity. He has been instructed by me not to accept any new work and to get his work on hand completed as soon as possible.

"I would also like to bring to the Board's attention that since the date of the last refusal, there have been new uses created on this block and that the entire block is commercial or industrial at the present time with the exception of a few residences".

On November 6th, the board replied that " . . . under Rule III (10) of the Rules and Regulations of the Board, the board has determined not to accept an appeal in this property until the property is brought into compliance with the Zoning Ordinance".

On November 28th, Lanciano appealed this refusal to the court of common pleas, and on December 8th he obtained a stay of proceedings. In paragraph 3 of the petition for the stay, he states that he "has used . . . [the] premises since 1964 for auto repair shop including body and fender work".

On February 6, 1968, the zoning board of adjustment obtained the present rule to show cause why Lanciano's appeal to the court of common pleas should not be stricken. The rule was returnable, and was argued, on March 19th.

## DISCUSSION

Rule III (10) provides:

"Except by special permission of the Board, no rehearing will be permitted, after a final determination by the Board, or by a Court on appeal therefrom, for one (1) year from the date of such final determination. In addition, no rehearing will be permitted, after a final determination by the Board, or by a Court on appeal therefrom, until the premises in question have been brought into compliance and remained in compliance with that final determination for at least one (1) year".

The board's decision of February 1, 1965, refusing Lloyd's application for a variance, was a determination that the premises could not be used for a body and fender shop. That determination became final on November 23, 1966, when Judge Griffiths approved the stipulation withdrawing the appeal to the court of common pleas from the board's determination. Nevertheless, the premises have never been brought into compliance with the board's determination. Indeed, Lanciano states in his petition for a stay, as has been noted, that he "has used" the premises, which suggests that Lloyd was his tenant, "for auto repair shop including body and fender work", i.e., contrary to the Zoning Code and to the board's determination, "since 1964".

From these facts it is clear that Lanciano has not complied with rule III (10), and that the board, therefore, properly refused to entertain his appeal to it, at least it did if the rule is valid.

Lanciano does not contest the validity of the rule. He does, however, argue that the rule does not apply. The rule, he says, precludes only a "rehearing" but, here, there is no request for a "rehearing"; Lanciano has never had a hearing, and what he requests, therefore, is not a rehearing but a hearing.

This argument is without merit. It ignores the fact that Lloyd, possibly Lanciano's tenant, but in any event his predecessor in using the premises, had a hearing. That hearing was to answer the question whether the premises should be used for a body and fender shop. Since Lanciano wants the board to answer that same question again, he is asking for a "rehearing" in the pertinent sense of that word. What Lanciano wants is a variance. Whether a variance should be granted depends upon proof of hardship peculiar to the property (Michener Appeal, 382 Pa. 401, 115 A.2d 367 (1955)), not peculiar to the person

who happens to own or occupy the property when the variance is sought. To define "rehearing" as Lanciano does, as meaning only to hear again an application by a given individual, would be irrelevant.

Accordingly, the rule obtained by the zoning board of adjustment to show cause why Lanciano's appeal to this court should not be stricken will be made absolute.

The court notes that when Lanciano's attorney requested a rehearing, he stated that " . . . since the date of the last refusal, there have been new uses created on this block, and . . . the entire block is commercial or industrial at the present time with the exception of a few residences".

If Lanciano can demonstrate this, it might persuade the zoning board of adjustment to grant a rehearing. It is true that rule III(10), read literally, permits a rehearing "by special permission" only in cases where the issue is whether the rehearing should be held within less than a year of the original hearing; the "special permission" clause is not part of the second sentence of the rule, which states without qualification that "no rehearing will be permitted . . . until the premises have been brought into compliance . . . " However, so literal a reading of the rule might make it unreasonable. Accordingly, the court construes the rule as providing that the board may, in all cases, give special permission for a rehearing.

The court does not intimate that such special permission should be given here; whether the permission should be granted is not before the court and may be left within the discretion of the board.

### ORDER

And now, April 25, 1968, the rule to show cause why the appeal to this court should not be stricken is made absolute.